UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF
CARPENTERS' EMPLOYEE BENEFIT FUND, et. al.,

       Plaintiff,                             Case No.: 2: 04-CV-74711-DT

                                              HON. DENISE PAGE HOOD
vs.                                            MAG. JUDGE WALLACE CAPEL, JR.

ABC FLOORCOVERING, et. al.,

       Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This is a civil action brought by the trustees of employee welfare and benefit plans for the collection of delinquent fringe benefits due under the collective bargaining agreements. Plaintiffs' commenced this action on December 2, 2004, and obtained a judgment against the Defendant on October 4, 2005. Plaintiff then served the Defendant with a subpoena requiring him to appear on January 19, 2006, for a creditor's examination to be held at the office of Novara, Tesja and McGuire, P.L.L.C., in Southfield, Michigan. Defendant failed to appear.

On March 3, 2006, Plaintiff filed a Motion to Show Cause which was referred to this Magistrate Judge for a hearing and determination. A Notice of Hearing was issued on March 24, 2006, setting a hearing date for April 12, 2006.

An Order to Show Cause was entered on April 19, 2006, based upon Plaintiffs' arguments and Defendants' failure to appear for the hearing. The Order was reissued after the Court learned

that service of the April 19 Order may not have been served upon the Defendant.  Defendant again failed to appear for the hearing.

## II.     ANALYSIS

The district court in this case should find the Defendant in contempt of court.  The facts and evidence in this case presented by Plaintiff establish that Defendant was properly served with a subpoena which he willfully failed to comply with.

> Fed.Rule.Civ.Pro. 45(e) provides in part:
>
> (e) Contempt.  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.
> Furthermore, the evidence establishes that Defendant has willfully disobeyed an Order to Show Cause issued by this Magistrate Judge, by failing to appear on two occasions for hearings.
> In order to hold a defendant in contempt the movant must produce clear and convincing evidence that the defendant violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that defendant did so with knowledge of the Court's order.  Electrical Workers Pension Trust Fund of Local Union #58, IBEW, et. al. v. Gary's Electric Service Co., 340 F.3d 373, 379 (6th Cir. 2003).  Plaintiff has satisfied that requirement.  Having done so, the burden shifts to defendant to present evidence showing that he is unable to comply with the court's order.

The Defendant in this case has failed to meet that burden, and therefore, should be held in civil contempt.

## III.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant be held in civil contempt of court; that Defendant be granted fourteen days in which to purge himself of contempt by appearing for a creditor's examination, and that if the contempt is not purged, an arrest warrant be issued for Defendant.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                                s/Wallace Capel, Jr.
                                                **WALLACE CAPEL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

**Date:**  June 29, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Edward J. Pasternak and John Tesija,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): ABC Floorcovering, ATTN: Thomas Luna, 223 Arlington, Inkster, Michigan 48141-1298 .

                                                  s/James P. Peltier
                                                  United States District Court
                                                  Flint, Michigan 48502
                                                  810-341-7850
                                                  E-mail: pete_peltier@mied.uscourts.gov